AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| FDIC, as Receiver for Haven Trust Bank ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:14-cv-03947-ELR |
| St. Paul Mercury Insurance Company ) | |
| ) | |
| *Defendant* ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: RM Kids, LLC 30(b)(6) Representative
c/o Registered Agent, c/o Bryan Knight, Registered Agent, 1360 Peachtree St, Ste. 1201, Atlanta, GA 30309

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Exhibit A attached hereto.

| Place: Knight Johnson, LLC<br>One Midtown Plaza, 1360 Peachtree Street, Suite 1201<br>Atlanta, GA  30309 | Date and Time:<br>11/16/2015 9:30 am |
|---|---|

The deposition will be recorded by this method: stenographically and by video tape

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/30/2015

*CLERK OF COURT*
OR

_____      /s/ Matthew M. Lubozynski
*Signature of Clerk or Deputy Clerk*                               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* FDIC, as Receiver for Haven Trust Bank , who issues or requests this subpoena, are:
Matthew Lubozynski, 1715 Aaron Brenner Dr. #800, Memphis, TN 38120 / 901-537-1000/ mlubozynski@wyattfirm.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:14-cv-03947-ELR

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

Pursuant to Rule 30(b)(6), RM Kids, LLC shall designate an individual or individuals to testify as to matters known or reasonably available to the corporation regarding the following topics of inquiry:

1. All transactions involving the use of funds from the lines of credit of Sonial Patel, Jay Patel, Rishi Patel, Ayesha Patel, and/or Mayur Patel, including but not limited to the purpose for the use of the funds.

2. All transactions involving either the deposit into or withdrawal/dispersal of funds from bank accounts held in the name of RM Kids, LLC, from April 1, 2008 until January 1, 2009, including but not limited to the purpose of and consideration for any disbursements from those accounts.

3. Identify the depositor or recipient of the funds involved in all transactions described in Topic 1.

4. State the purpose of the deposit or withdrawal/dispersal of funds in all transactions described in Topic 1.

5. Identify all property (tangible or intangible) exchanged for any funds withdrawn/dispersed from bank accounts held by you. In identifying all property, state the current status of that property, and if the property was disposed of, identify the recipient of the property and any consideration paid by that recipient for that property.

6. The amount, nature, purpose and status of all loan(s) from Charles Burton ("Burt") Blackmon to you, including whether any collateral or security was pledged by you for such loan(s) and the identity of such collateral or security (including whether you still own the collateral or security and, if not, to whom it was transferred).

7. The nature of any relationship or transactions between you and Kennedy Capital Group, LLC, including any individuals from Kennedy Capital Group with whom you have communicated.

8. Identify the individuals with whom you communicated or interacted at Haven Trust Bank in obtaining loans from Haven Trust Bank to you for the purchase by you of a loan to Hilliard Kitchens and the subsequent sale of that loan to Haven Trust Bank or refinancing of that loan by Haven Trust Bank.

9. The status of loans purchased by you for investment, including whether such loans were ever pledged as collateral for any loans to you by any lending institution, entity or individual, and including the recipient of all proceeds from the sale of those loans.

10. The disbursement (in detail) of all proceeds from the sale by you of loans purchased for investment purposes from April 1, 2008 until January 1, 2009.

11. Identify the individuals with whom you communication or interacted

at Haven Trust Bank in obtaining loans from Haven Trust Bank to you from April 1, 2008 to January 1, 2009.

12. Your relationship with Birju Patel, including but not limited to any money loaned or provided to Birju Patel.

13. The addition of persons as signatories to any RM Kids bank account.

14. Your relationship with Richardson Hotels, LLC, including any transactions involving Richardson Hotels, LLC.

15. Your relationship with Kennedy Capital Group, LLC, including any transactions involving Kennedy Capital Group, LLC.

16. Your ownership interest in any land or real estate in Newnan, Georgia.

17. All payments made to Haven Trust Bank and/or R.C. Patel.

18. The purchase of distressed loans from DebtX, including but not limited to the First Properties loans/mortgages.

19. The purchase of loans/mortgages to BBC Partners and 20 Loaf.

20. The purchase of the Hiluard Kitchens loans, and subsequent sale or refinancing of such loans by Haven Trust Bank.

21. Payments to Nexity Bank.

22. Payments to John Lang.

23. Payments to Croydon Investments.

24.     The involvement of R.C. and/or Mike Patel in RM Kids, LLC.